UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE ANDERSON,

    Plaintiff,                              Civil Action No. 10-15154

    v.                                    District Judge Denise Page Hood
                                            Magistrate Judge Laurie J. Michelson

PRISONER HEALTH
SERVICES, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER (Dkt. 4)

Plaintiff Maurice Anderson brought this prisoner civil rights case alleging that Defendants Prisoner Health Services ("PHS"), Beth Gardon, M. Greger, RN, R. Stevens, M.D., Dr. Zavit Cohen, Linda Kopka, Alfred Jones, and M.P. Vemulapalli violated his rights by denying, or at least delaying, medical care with regard to his alleged liver cancer. (Dkt. 1, Compl. at 5.) In conjunction with his Complaint, Plaintiff also filed a Motion for Preliminary Injunction and Temporary Restraining Order on December 29, 2010. (Dkt. 4.) At that time, none of the Defendants had been served, and thus, did not file a response. For the reasons set forth below, this Court finds that Plaintiff has failed to establish a substantial likelihood of success on the merits, that he will suffer irreparable harm if the requested relief is not granted, or that the balance of harms favors the grant of injunctive relief, and therefore **RECOMMENDS** that the Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order be **DENIED**.

## I. BACKGROUND

### A. Facts

Plaintiff Maurice Anderson ("Plaintiff") alleges that he was first diagnosed with liver cancer while he was an inmate at the Muskegon Correctional facility (MCF). (Dkt. 4, Pl.'s Mot. Prelim. Inj. at 3, 6.) He is currently an inmate at the G. Robert Cotton Correctional Facility (JCF). (Pl.'s Mot. Prelim. Inj. at 3.) Plaintiff initiated this action with the filing of a pro se complaint pursuant to 42 U.S.C. § 1983. (Dkt. 1, Compl. at 1.) Plaintiff alleges that Defendants' approach to his medical treatment constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Compl. at 5.) The gravamen of Plaintiff's claim is that Defendants refuse to provide appropriate treatment for his mobility problems, bleeding hemorrhoids, and cancer. (Dkt. 4, Pl.'s Mot. Prelim. Inj. at 11.) In his Complaint, he specifically states that he needs surgery. (Compl. at 5.)

### B. Procedural History

Plaintiff brought this prisoner civil rights case *pro se* and *in forma pauperis* on December 29, 2010 (Compl. at 1.) On that same day, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order. (Pl's Mot. Prelim. Inj. at 1.) At this time, Plaintiff has only served the following Defendants with his Complaint and Motion: Michelle Greger, Linda Kopka, Alfred Jones and PHS. (Dkt. 11, Ltr. from Dep't of Corr.; Dkts. 14, 16, 17, Att'y Appearances for Greger, Kopka and Jones; 4/20/11 Dkt. entry of PHS executed waiver of service.) None of the Defendants responded to Plaintiff's Motion for Preliminary Injunction and TRO, but Defendants Greger, Kopka and Jones filed a Motion for Summary Judgment on April 8, 2011. (Dkt. 18, Mot. for Summ. J. at 1.)

## II. ANALYSIS

**A.  Standard of Review**

In determining whether to issue a TRO or preliminary injunction, a court must balance the following factors:

> (1) Whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; or (4) whether the public interest would be served by issuance of the injunction.

*Rock & Roll Hall of Fame Museum, Inc. v. Gentile Prods*., 134 F.3d 749, 753 (6th Cir. 1998).  The factors are not prerequisites, but are factors that are to be balanced against each other.  *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998) (citation omitted).  Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one.  Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Layette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *Winter v. Natural Res. Def. Council*, 505 U.S. 7, 129 S. Ct. 365, 376 (2008).  Additionally, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Learly v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Lastly, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland,* 740 F.2d 432 at 438, n.3 (6th Cir. 1984).

These factors weigh in favor of denying Plaintiff's Motion.

### B. Plaintiff's Eighth Amendment Claim

Plaintiff alleges that Defendants' approach to his medical treatment constitutes cruel and unusual punishment under the Eighth Amendment. To prevail on this Eighth Amendment claim, Plaintiff must show that Defendants acted with "deliberate indifference to his serious medical needs." *Bowman v. Corrections Corp. of America*, 350 F.3d 537, 544 (6th Cir. 2003) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference is a "reckless disregard of a substantial risk of serious harm." *Rumsey v. Michigan Dept. of Corrections*, 327 F. Supp. 2d 767, 777 (E.D. Mich. 2004). "Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation." *Bowman*, 350 F.3d at 544.

### C. Analysis of the Injunction Factors

Plaintiff has not shown a likelihood of success on the merits.

First, it appears from the face of Plaintiff's Complaint that he has not exhausted his administrative remedies. As Plaintiff acknowledges in Paragraph 24: "Defendant's response to step one grievance filed on 11-4-10 indicated that the grievance was untimely and therefore rejected. The [Plaintiff] therefore has no other alternative to seek relief." (Dkt. 1 at 7).

Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, prisoners seeking to bring § 1983 actions with respect to prison conditions must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007). To satisfy this exhaustion requirement, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' - rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88

(2006)). The PLRA requires "proper exhaustion," meaning that plaintiffs must timely pursue available administrative remedies. *Woodford*, 548 U.S. at 93. Failure to file an administrative grievance within proper time limits precludes proper exhaustion and thus bars the claim in federal court. *Id.* The exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences," whether for broad prison conditions suits or for individual allegations of abuse. *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Because Plaintiff's Complaint makes clear that he has failed to exhaust his administrative remedies, he is unlikely to succeed on the merits of the underlying litigation.

Additionally, Plaintiff presents no admissible evidence from any medical professional illustrating that Plaintiff is receiving inadequate medical care and/or needs surgery. He only states that "on several occasions" he has been to the Detroit Medical Center, and the Cancer Specialist there told him he needed surgery. (Compl. at 5.) This one statement does not show that Defendants' medical care constitutes a "reckless disregard for a substantial risk of human harm." *Rumsey*, 327 F. Supp. 2d at 777. There is no evidence in the record illustrating that surgery is necessary or explaining why it has yet to occur despite the necessity. Even if Plaintiff is able to show a disputed issue of fact over whether surgery is needed and/or his medical care is appropriate, such a showing does not warrant equitable relief. *Leary*, 228 F.3d at 739. This Court is ill-equipped to micro-manage medical treatment. *See Westlake v. Lucas,* 537 F.2d 857, 860, n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law"); *Bruce v. Ylst,* 351 F.3d 1283, 1290 (9th Cir.2003) ("[F]ederal courts must remember that the duty to protect inmates' constitutional rights does not confer the

power to manage prisons or the capacity to second-guess prison administrators, for which we are ill equipped").

Given the Plaintiff's lack of likelihood of success on the merits , it is not necessary to discuss the other injunction factors in great detail. *Gonzales v. National Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000) ("[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal.")

Plaintiff has not shown that he would suffer irreparable harm without the injunction. Courts have held that a plaintiff can demonstrate that a denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights. *See, e.g.*, *Overstreet* 305 F.3d at 578. Again, Plaintiff contends that he has received inadequate medical care which violates his Eight Amendment rights. Because it is unlikely that Plaintiff will be able to demonstrate that he has a cognizable constitutional claim, he is not entitled to a presumption of irreparable harm based on the alleged constitutional violation. Nor has Plaintiff provided any specifics as to the manner in which his medical treatment is deficient – other than the fact that he has not yet had surgery. He does not indicate why the surgery has not been done, how the defendants are preventing him from obtaining that surgery and how the pre-surgical care is inadequate.

As to the remaining factors, in another prisoner civil rights case involving a request for preliminary injunction, a federal court in this Circuit aptly explained:

> in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson, 855 F.2d 277, 286-87 (6th Cir. 1988).* That showing has

not been made here.

*Brim v. Galloway*, 2011 U.S. Dist. LEXIS 30072 (W.D. Mich., Jan. 20, 2011).

Plaintiff's primary complaint appears to be that "while [he] has received some medical treatment, Defendants have left other medical needs untreated." (Pl's Mot. Prelim. Inj. at 6). He is seeking an injunction that orders Defendants "to provide a medically appropriate course of therapy to the plaintiff designed to treat his liver cancer." ( Pl's Mot. Prelim. Inj. at 9; *see also* Compl. at 8 (requesting an injunction ordering Defendants to "[s]ecure for the Plaintiff adequate and prompt medical care for his cancer.").) Plaintiff is, in effect, seeking relief as if he has already prevailed on the merits and demonstrated inadequate care. But the purpose of a preliminary injunction is to maintain the relative positions of the parties *until* proceedings on the merits can be conducted. *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981).

## III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Dkt. 4) be **DENIED**.

## IV. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal

7

quotation marks omitted); *Frontier*, 454 F.3d at 596-97. A copy of any objections is to be served upon this magistrate judge. E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: April 27, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 27, 2011.

s/Jane Johnson
Deputy Clerk