**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MAURICE ANDERSON,

    Plaintiff,                                     Case No. 10-15154
                                                   Honorable Denise Page Hood

v.

PRISONER HEALTH SERVICES,
ET AL.,BETH GARDON, M.
GREGER (RN), R. STEVENS (MD),
DR. ZIVIT COHEN, LINDA KOPKA,
ALFRED JONES, MP VEMULAPALLI
in their individual and official capacities,

    Defendants.

_____/

## ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. INTRODUCTION**

       This matter is before the Court on Magistrate Judge Laurie J. Michelson's Report and Recommendation ("R&R"), dated April 27, 2011 [Docket No. 24]. On December 29, 2010, Plaintiff filed a Motion for a Preliminary Injunction and Temporary Restraining Order [Docket No.4]. Defendants were not served at that time and therefore did not file a response. On April 8, 2011, Defendants filed a Motion for Summary Judgment [Docket No. 18]. On May 10, 2011, Plaintiff filed a Motion to Hold 1983 Petition in Abeyance [Docket No. 25].

       Plaintiff filed this *pro se* action on December 29, 2010. At the time of the events described in the Complaint, Plaintiff was incarcerated at the Michigan Department of Corrections' ("MDOC") G. Robert Cotton Facility in Jackson, Michigan. Plaintiff alleges that

Defendants failed to treat his cancer in a timely and proper manner. He brings his Eight Amendment claim under 42 U.S.C. § 1983.

## II.  STANDARD OF REVIEW

### A.  Report and Recommendation

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

To preserve the right of appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the R&R within fourteen days of service of copy, as provided in U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right to an appeal.  *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Plaintiff has not filed any objections to the Magistrate Judge's recommendation.

### B. Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact.  The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The moving party has "the burden of showing the absence of a genuine issue

as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson* 477 U.S. at 249-250 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

### C. *Pro Se* Standards of Review

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). In other words, "the lenient treatment generally accorded to *pro se* litigants has limits," and *pro se* litigants are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

## III. Applicable Law & Analysis

### A. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order

The R&R recommends that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order be denied.

For the Court to issue a Temporary Restraining Order or Preliminary Injunction, the following factors are considered:

> (1) Whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; or (4) whether the public interest would be served by issuance of the injunction.

*Rock & Roll Hall of Fame Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998).

The Court agrees with the Magistrate Judge that Plaintiff has not shown a likelihood of success on the merits. First, Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e. Second, Plaintiff failed to present admissible evidence from medical professionals confirming that he is receiving inadequate medical care and/ or needs surgery even though he must meet the high burden of showing Defendants' medical care constituted a "reckless disregard for a substantial risk of serious harm." *Rumsey v. Michigan Dept. of Corrections*, 327 F. Supp. 2d 767, 777 (E.D. Mich. 2004).

The Court also agrees with the Magistrate Judge that Plaintiff has not shown that he would suffer irreparable harm without the injunction. To succeed on this claim, Plaintiff again must prove the possibility of irreparable harm by showing Defendants acted with a "reckless disregard of a substantial risk of serious harm." *Rumsey*, 327 F. Supp. 2d at 777. Since it is unlikely that he will succeed on such a claim, he is not entitled to a presumption of irreparable harm based on the alleged constitutional claim. Lastly, the Court agrees that the interests of third

parties and the public outweigh the request for a preliminary injunction. The Magistrate Judge's R&R correctly noted that "Any interference by the federal courts in the administration of state prison matters is necessarily disruptive." *Brim v. Galloway,* 2011 U.S. Dist. LEXIS 30072 (W.D. Mich., Jan. 20, 2011).

For these reasons, the Court accepts the recommendation to deny Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order [Docket No. 4, filed December 29, 2010].

**B. Plaintiff's Motion to Hold Action in Abeyance**

Plaintiff also filed a Motion to Hold 1983 Petition in Abeyance while he attempts to cure his procedural defect [Docket No. 25, filed May 10, 2011]. The PLRA states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, "An inmate who has not pursued available administrative remedies may not yet proceed in federal court." *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003). Plaintiff must exhaust all available administrative remedies *prior* to bringing his claim rather than *during* the adjudication of his claim. The Plaintiff's Motion to Hold 1983 Petition in Abeyance is therefore denied and the Complaint shall be dismissed without prejudice. Defendants' Motion for Summary Judgment [Docket No. 18, filed April 8, 2011] is consequently moot.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Laurie J. Michelson's Report and Recommendation **[Docket No. 24, filed April 27, 2011]** is **ACCEPTED** and **ADOPTED** as

this Court's findings and conclusions of law. Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order is **DENIED** [Docket No.4, filed December 29, 2010].

    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Hold 1983 Petition in Abeyance **[Docket No. 25, filed May 10, 2011]** is **DENIED**.

    **IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice for failure to exhaust available administrative remedies before commencing the case.

    S/Denise Page Hood
    Denise Page Hood
    United States District Judge

Dated: May 31, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2011, by electronic and/or ordinary mail.

Maurice Anderson,  #183029
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

    S/Johnetta M. Curry-Williams
    For LaShawn R. Saulsberry
    Case Manager